RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 24a0131p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

NAJEAN LUCKY,

       *Plaintiff-Appellant*,

  *v.*

LANDMARK MEDICAL OF MICHIGAN, P.C.,

       *Defendant-Appellee*.

No. 23-2030

---

Appeal from the United States District Court for the Eastern District of Michigan at Detroit.
No. 2:23-cv-11004—Bernard A. Friedman, District Judge.

Decided and Filed:  June 12, 2024

Before:  KETHLEDGE, LARSEN, and BLOOMEKATZ, Circuit Judges.

---

### COUNSEL

---

**ON BRIEF:**  Brendan J. Childress, HURWITZ LAW PLLC, Ann Arbor, Michigan, for Appellant.  Patricia Pryor, JACKSON LEWIS P.C., Cincinnati, Ohio, Elyse K. Culberson, JACKSON LEWIS P.C., Southfield, Michigan, for Appellee.

---

### OPINION

---

KETHLEDGE, Circuit Judge.  Najean Lucky sued Landmark Medical of Michigan, P.C., asserting a claim of religious discrimination under Title VII.  The district court dismissed her complaint for failure to state a claim.  We reverse.

We take the allegations in Lucky's complaint as true.  *Heyward v. Cooper*, 88 F.4th 648, 653 (6th Cir. 2023).  Lucky is a non-denominational Christian who believes that she "should not

have any vaccination enter her body such that her body would be defiled, because her body is a temple." Compl. ¶12. She also "seeks to make all decisions, especially those regarding vaccination and other medical decisions, through prayer." *Id*. ¶11. As relevant here, Lucky "prayed to God specifically about the COVID-19 vaccine" and says that God told her "that she would suffer spiritual harm if she received the COVID-19 vaccine." *Id.* ¶21. Lucky therefore has not received the vaccine.

Landmark provides in-home medical care. It recruited Lucky for a management position in February 2022. During an interview for that position, Landmark's interviewer, Betrice Lavender, at first "spoke positively" about Lucky's potential and "even discussed her starting salary." *Id.* ¶26. But Lavender asked whether Lucky had been vaccinated for Covid-19; Lucky said she had not, because of her religious beliefs. Lavender then "end[ed] the interview[,]" saying that she had rejected ten other candidates because they were unvaccinated for Covid, and that Landmark would not make any accommodations in that regard. *Id.* ¶¶30-32.

Lucky thereafter brought this suit, claiming that Landmark refused to hire her because of her religious beliefs, in violation of Title VII of the 1964 Civil Rights Act. The district court dismissed her complaint for failure to state a claim, stating that Lucky had not alleged that "her religion has a specific tenet or principle that does not permit her to be vaccinated." *Lucky v. Landmark Med. of Mich., P.C.*, No. 23-cv-11004, 2023 WL 7095085, at *7 (E.D. Mich. Oct. 26, 2023). Rather, the court said, Lucky had offered "only naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted). Thus, the court concluded, Lucky had not alleged that Landmark discriminated against her based on her religion. We review that decision de novo. *Heyward*, 88 F.4th at 653.

Title VII provides in relevant part: "It shall be an unlawful employment practice for an employer . . . [to] refuse to hire . . . any individual . . . because of such individual's . . . religion[.]" 42 U.S.C. § 2000e-2(a)(1). The word "religion," in turn, "is defined to 'include all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that" it cannot reasonably accommodate them. *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 771-72 (2015) (cleaned up and quoting 42 U.S.C. § 2000e(j)).

The question here, broadly stated, is whether Lucky pled particular facts supporting an inference that Landmark refused to hire her because of her "religion," as defined by the statute. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Hardwick v. 3M Company*, 87 F.4th 315, 320 (6th Cir. 2023). That Lucky made several of the requisite allegations is undisputed: she alleged that Landmark refused to hire her; that it did so because she had not received the Covid vaccine; and that it refused to provide her any accommodation regarding the vaccine. *See* Compl. ¶¶28-32, 39-40.

The remaining question is whether Lucky pled facts supporting an inference that her refusal to be vaccinated for Covid was an "aspect" of her "religious observance" or "practice" or "belief." 42 U.S.C. § 2000e(j). Plainly she pled such facts. Lucky pled that she is "a non-denominational Christian" who believes she "should not have any vaccination enter her body such that her body would be defiled, because her body is a temple." Compl. ¶¶10, 12. She also pled that she "seeks to make all decisions, especially those regarding vaccination and other medical decisions, through prayer." *Id.* ¶11. She pled further that—as to the Covid vaccine in particular—"God spoke to [her] in her prayers and directed her that it would be wrong to receive the COVID-19 vaccine." *Id.* ¶15. And she pled that, as a result of her beliefs, she refused to receive the vaccine. *Id.* ¶¶16, 19-21, 29.

Those are allegations of particular facts—she prayed, she received an answer, she acted accordingly—rather than what the district court called "naked assertions devoid of further factual enhancement." Moreover, she alleged that she has a religious objection to vaccines of any kind. *Id.* ¶12. No further "enhancement" was necessary: Lucky's allegations were almost self-evidently enough to establish, at the pleadings stage, that her refusal to receive the vaccine was an "aspect" of her religious observance or belief.

Nor did the district court have any basis for its insistence that Lucky explain how "her religion has a specific tenet or principle that does not permit her to be vaccinated." Quite the contrary: "It is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds." *Hernandez v. Comm'r of Internal Revenue*, 490 U.S. 680, 699 (1989). And the Supreme Court has warned, "[r]epeatedly and in many different contexts," that "courts must not presume to

determine the place of a particular belief in a religion or the plausibility of a religious claim." *Employment Div. v. Smith*, 494 U.S. 872, 887 (1990).  The district court presumed such authority here.  And Lucky's allegations would support an inference of religious conduct for a person of any faith.

Landmark, for its part, principally argues that Lucky's pleadings do not establish a prima facie case of discrimination under Title VII.  But "the prima facie case is an evidentiary standard, not a pleading requirement."  *Savel v. MetroHealth System*, 96 F.4th 932, 943 (6th Cir. 2024) (internal quotation marks omitted).  Landmark's argument is inapposite here.

The district court's judgment is reversed, and the case is remanded for proceedings consistent with this opinion.