**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1416

JENNIFER FINN; KATHERINE MULDOON,

Plaintiffs - Appellants,

v.

HUMANE SOCIETY OF THE UNITED STATES,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
George L. Russell, III, Chief District Judge.  (1:23−cv−02107−GLR)

Argued:  September 9, 2025                    Decided:  November 20, 2025

Before DIAZ, Chief Judge, and WYNN and HARRIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by published opinion.  Chief Judge Diaz wrote the opinion, in which Judge Wynn and Judge Harris joined.

**ARGUED:**  Francis J. Collins, F.J. COLLINS LAW, LLC, Ellicott City, Maryland, for Appellants.  Leslie Victoria Maffeo, SEYFARTH SHAW, LLP, Washington, D.C., for Appellee.  **ON BRIEF:**  Samantha M. Safchinsky, KSC LAW, Baltimore, Maryland, for Appellants.  Karla Grossenbacher, SEYFARTH SHAW LLP, Washington, D.C., for Appellee.

DIAZ, Chief Judge:

Amid the COVID-19 pandemic, the Humane Society of the United States[1] (like many employers) instituted a company-wide vaccine mandate, requiring their employees to get vaccinated or risk termination. Two of the Society's remote employees, Katherine Muldoon and Jennifer Finn, requested religious exemptions from the mandate. But the Society denied both requests and eventually fired them.

Muldoon and Finn sued, alleging religious discrimination under Title VII of the Civil Rights Act. They also brought claims for disability discrimination under the Americans with Disabilities Act ("ADA"). The district court granted the Society's motion to dismiss the complaint for failure to state a claim.

We recently clarified the requirements to state a Title VII religious discrimination claim in the vaccine mandate context in *Barnett v. Inova Health Care Servs.*, 125 F.4th 465 (4th Cir. 2025). We reaffirm them today. Because Muldoon and Finn plausibly allege that their beliefs are an essential part of a religious faith *and* they connect those beliefs to their refusal to receive the COVID-19 vaccine, the district court erred in dismissing their Title VII claims.

But we agree with the district court that Muldoon and Finn fail to state ADA claims. So we affirm the court's dismissal of those claims.

---

[1] The Society recently changed its name to Humane World for Animals.

2

I.

A.

For purposes of this appeal, we accept the facts alleged in the complaint as true.[2]

*Barbour v. Garland*, 105 F.4th 579, 589 (4th Cir. 2024).

In response to the COVID-19 pandemic, the Society implemented a company-wide vaccine mandate. It notified employees that they could seek a religious or medical exemption, but that it would fire those who didn't comply. Muldoon and Finn, two remote employees, requested religious exemptions.[3]

Muldoon objected to "injecting a product containing fetal cells or derived from testing involving fetal cells" because such products are "against [her] personal moral beliefs on the sanctity of life." J.A. 40. She also stated that "accepting this vaccine would compromise the religious beliefs founded in [her] Christian upbringing that fetuses are individuals and did not consent to the use of their bodies in medical testing or production." J.A. 40. And "taking this vaccine would make [her] complicit in an act that offends [her] spiritual and religious faith." J.A. 40.

Finn explained that receiving the vaccine would "betray[]" her "conscience and faith." J.A. 37. She cited Catholic teachings that aligned with her faith, pointing to

---

[2] We also consider the exemption requests attached to the complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164 (4th Cir. 2016) ("While a 12(b)(6) motion focuses on the allegations of the complaint, it is well established that a document attached to a motion to dismiss may be considered when evaluating a motion to dismiss if the document was integral to the complaint and authentic." (cleaned up)).

[3] The vaccine mandate applied to remote workers.

3

statements from Saint Paul VI and the Catholic Bishops of Wisconsin on the importance of following one's conscience. And she emphasized, "[her] heart, conscience and faith in God and Jesus prevent [her] from complying with the mandate." J.A. 37.

After speaking with the two employees about their religious beliefs, the Society denied their exemption requests and fired them.

### B.

Muldoon and Finn sued. They allege that the Society engaged in (1) religious discrimination by failing to approve their vaccine exemption requests, in violation of Title VII (Count I); (2) disability discrimination by inquiring into their vaccination status, in violation of the ADA (Count II); and (3) disability discrimination by regarding unvaccinated employees as disabled and then firing them for that reason, also in violation of the ADA (Count III). *See Finn v. Humane Soc'y of the United States*, No. 23-2107, 2024 WL 1765702, at *2 (D. Md. Apr. 24, 2024).

The district court granted the Society's motion to dismiss for failure to state a claim. The court, without the benefit of our *Barnett* decision, concluded that Muldoon and Finn "failed to adequately plead that their objections to the COVID-19 vaccine were based on religious beliefs." J.A. 51.

Muldoon, the court said, failed to "allege that she subscribes to a particular religion . . . [or] state what her [current] religious beliefs are." J.A. 52. And Finn failed to

4

"identify if she subscribes to any particular religion or the specific nature of any religious beliefs." J.A. 51.[4]

As for the ADA claims, the district court noted that "[i]t is well settled that an inquiry about vaccination status does not constitute a medical examination or an inquiry about a disability or disabling condition." J.A. 55–56. So the court dismissed the ADA unlawful medical examination or inquiry claims. The court also found that "a person's status as unvaccinated does not support a 'regarded as' claim under the ADA," and so it dismissed those claims as well. J.A. 57.

This appeal followed.

## II.

We review de novo a district court's grant of dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Barbour*, 105 F.4th at 589. We must accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiffs. *Id.*

To survive a motion to dismiss, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citation omitted). But a complaint need not allege specific facts to establish a prima facie

---

[4] The district court also found that Muldoon and Finn failed to adequately plead a disparate treatment claim under Title VII. But neither allege such a claim. So we don't discuss it further.

5

case.  *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002) (finding that the prima facie case is "an evidentiary standard, not a pleading requirement").

### III.

We start with the religious discrimination claims.

### A.

Under Title VII of the Civil Rights Act of 1964, an employer can't "discharge any individual, or otherwise . . . discriminate against any individual . . . because of such individual's . . . religion."  42 U.S.C. § 2000e-2(a)(1).  But to claim such protection, a plaintiff must show her professed belief is (1) sincerely held and (2) religious in nature. *See United States v. Seeger*, 380 U.S. 163, 185 (1965).  The parties dispute only the second prong.

We've articulated two requirements for this "religious" prong at the pleading stage in vaccine mandate cases:  (1) a person's beliefs must be an "essential part of a religious faith"; and (2) such beliefs must be "plausibly connected with her refusal to receive the COVID-19 vaccine."  *Barnett*, 125 F.4th at 471 (citation omitted).

Under the first requirement, a person must plead that their beliefs are grounded in religious, rather than secular reasons (medical, personal, etc.).[5]  *See Dachman v. Shalala*,

_____

[5] A person may have many reasons for opposing a vaccine mandate.  But that person must articulate a religious opposition to comply with Title VII and our precedent.  A religious belief "need not be confined in either source or content to traditional or parochial concepts of religion."  *Welsh v. United States*, 398 U.S. 333, 339 (1970).  Rather, an individual may "deeply and sincerely hold[] beliefs that are purely ethical or moral in

9 F. App'x 186, 192 (4th Cir. 2001) ("While an employer has a duty to accommodate an employee's *religious* beliefs, [it] does not have a duty to accommodate an employee's preferences." (emphasis added)). But we give great weight to a person's assertion that their "belief is an essential part of a religious faith." *Barnett*, 125 F.4th at 471.

The second requirement demands slightly more—a link between the identified religious belief and the person's refusal to get vaccinated. In other words, a person can't refuse to get vaccinated solely because of health or safety concerns. Rather, the person must "plausibly connect[]" her "refusal to receive the COVID-19 vaccine," to her *religious* beliefs. *Id.*

### B.

With that legal framework in mind, we turn to the allegations of the complaint.

Muldoon asserts that she opposes the use of aborted fetal cell lines to produce the COVID-19 vaccine because of her "Christian upbringing." J.A. 40. And Finn explains that she would "betray[]" her "conscience and faith" if she complied with the mandate, citing Catholic teachings. J.A. 37. At the pleading stage, these allegations are enough to show that Muldoon and Finn's beliefs are each "an essential part of a religious faith that must be given great weight." *Barnett*, 125 F.4th at 471 (cleaned up).

Muldoon expressly links her refusal to "inject a product containing fetal cells or derived from testing involving fetal cells" to her "religious beliefs founded in [her] Christian upbringing that fetuses are individuals and did not consent to the use of their

---

source and content but that nevertheless impose upon him a duty of conscience . . . [in] a place parallel to that filled by 'God' in traditionally religious persons." *Id.* at 340.

bodies in medical testing or production." J.A. 40. That connection satisfies the second requirement.

Finn's claim is more attenuated but sufficient (for now) to meet the second requirement. Finn connects her belief that her "heart, conscience and faith in God and Jesus prevent [her] from complying with the mandate" to Catholic teachings on the importance of one's conscience. J.A. 37. In our view, that allegation is close enough to Barnett's statement that her "religious reasons for declining the covid vaccinations . . . were based on her study and understanding of the Bible and personally directed by the true and living God." *Barnett*, 125 F.4th at 471 (cleaned up).

We agree with our sister circuits that a person needn't explain "how any particular tenet or principle of her religion prohibited vaccination." *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1012 (7th Cir. 2024); *see also Lucky v. Landmark Med. of Mich., P.C.*, 103 F.4th 1241, 1243 (6th Cir. 2024). And we are compelled to heed the Supreme Court's repeated command that "courts must not presume to determine the place of a particular belief in a religion or the plausibility of a religious claim." *Emp. Div. v. Smith*, 494 U.S. 872, 887 (1990).

In short, the law only requires a person to plausibly allege that her refusal to be vaccinated derives from an aspect of her religious practices or beliefs. Muldoon and Finn have done that.

That's not to say that employees have a blanket privilege to claim a religious exemption whenever they see fit. An employer needn't grant a religious accommodation if doing so would create an "undue hardship on the conduct of the employer's business."

8

42 U.S.C. § 2000e(j).  But we have no cause to consider undue hardship at this stage of the case.[6]

And it bears emphasis that an employee must eventually offer evidence of the sincerity of her religious belief, whether at summary judgment or at trial.  We decline to speculate how Muldoon and Finn will fare as this case progresses.  It's enough that they've pleaded a sincere religious belief that conflicted with the vaccine mandate.  The district court erred in concluding they hadn't.

IV.

On to Muldoon and Finn's ADA claims.

A.

The ADA makes it unlawful for employers to "discriminate against a qualified individual on the basis of disability."  42 U.S.C. § 12112(a).  Muldoon and Finn bring two ADA claims:  (1) an unlawful medical examination or inquiry claim and (2) a "regarded as" claim.

Under the ADA, an employer can't "make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the

---

[6] We employ a burden-shifting framework in religious accommodation cases typically at summary judgment.  *See E.E.O.C. v. Firestone Fibers & Textiles Co.*, 515 F.3d 307, 312 (4th Cir. 2008).  The burden only shifts to the employer to show that it couldn't reasonably accommodate the plaintiff's religious needs without undue hardship if the employee *first* establishes a prima facie case of religious discrimination.  *See id.*

disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." *Id.* § 12112(d)(4)(A).

Muldoon and Finn say that the Society had no valid business reason to inquire into their vaccination status, especially because they were remote employees.   But that argument is fatally flawed:  an employer's inquiry into an employee's vaccination status isn't a disability-related inquiry. *See Jorgenson v. Conduent Transp. Sols., Inc.*, No. 22-01648, 2023 WL 1472022, at *5 (D. Md. Feb. 2, 2023), *aff'd*, No. 23-1198, 2023 WL 4105705 (4th Cir. June 21, 2023).

The ADA defines disability as a "physical or mental impairment that substantially limits one or more of the individual's major life activities." *Davis v. Univ. of N.C.*, 263 F.3d 95, 99 (4th Cir. 2001).  Whether a person is vaccinated has no bearing on her ability to engage in major life activities, like "[c]aring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working."  29 C.F.R. § 1630.2(i)(1)(i).

Because Muldoon and Finn's claims fail at the start, we need not reach the "business necessity" analysis.

### B.

Muldoon and Finn's "regarded as" claims fare no better.  A person is "regarded as" having a disability if she is "subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  42 U.S.C. § 12102(3)(A).  "[T]he analysis

10

focuses on the reactions and perceptions of the [employer]." *Wilson v. Phoenix Specialty Mfg. Co.*, 513 F.3d 378, 385 (4th Cir. 2008) (cleaned up).

Muldoon and Finn allege that the Society regarded them as disabled because they were unvaccinated and then fired them for that reason. But, once again, being unvaccinated isn't a physical or mental impairment. It therefore can't support a "regarded as" claim.

V.

For these reasons, we vacate that part of the district court's order dismissing Muldoon and Finn's Title VII claims, and remand. We otherwise affirm.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*

11